IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMALIA BISUTTO PASCETTA<br>　　　　Plaintiff<br>　vs. | CIVIL ACTION |
| DEREK DAVIS,<br>WEST ATCO YOUTH IN ACTION, INC.<br>Defendants | COMPLAINT |

NATURE OF CLAIM

1. Pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff seeks redress for Defendants' false, deceptive and misleading use of her deceased husband's name for commercial purposes and for misrepresenting the Decedent's endorsement, approval, or sponsorship of Defendants' martial arts program at West Atco Youth in Action, Inc. In violation of New Jersey common law, Defendants have violated Plaintiff's right of publicity by their unauthorized use of Decedent's name on merchandise, uniforms, website, and social media.

JURISDICTION

2. This Court has jurisdiction over Plaintiff's claim under the Lanham Act pursuant to 15 U.S.C. § 1121 without regard to the amount in controversy or citizenship of the parties. The District Courts have original jurisdiction over any civil action arising from any act of Congress relating to trademarks pursuant to 28 U.S.C. § 1338.

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claim of infringement of Plaintiff's right of publicity.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in the District of New Jersey because the claims arose in this district and Defendants provide services in this district.

PARTIES

4. Plaintiff, Amalia Bisutto Pascetta, is an adult individual residing at 38 Delaware Avenue, Sicklerville, Camden County, New Jersey 08081. Plaintiff is the widow of Ricardo V. Pascetta.

5. Defendant, Derek Davis, is an adult individual residing at 118 Fair Avenue, West Atco, New Jersey 08004. He is the executive director of Defendant, West Atco Youth in Action, Inc.

6. Defendant, West Atco Youth in Action, Inc., is a non-profit corporation located at 154 Nelson Avenue, Atco, Camden County, New Jersey 08004.

STATEMENT OF FACTS

7. Pursuant to a consent order entered on September 10, 2014 in the Superior Court of New Jersey, Chancery Division, Probate Part, Plaintiff is the legal owner of all intellectual property owned by her deceased husband, Ricardo V. Pascetta.

8. Ricardo (Ric) V. Pascetta, is revered in the martial arts community as a master of the American GoJu style. He promoted and taught his personal and unique version of the American GoJu style. He referred to his martial arts system as "Ric Pascetta's American GoJu Karate".

9. Defendant, Davis, was one of Ricardo V. Pascetta's students.

10. Without obtaining authorization from Plaintiff, Defendants have emblazoned the Pascetta name on attire worn by Davis' students at tournaments outside of the West Atco Youth in Action building in New Jersey and in Pennsylvania. A photograph of a student wearing "Team Pascetta" attire is attached as Exhibit A.

11. Without obtaining authorization from Plaintiff, Defendants have sold merchandise, including tee shirts and jackets, emblazoned with the Pascetta name. A photograph of a tee shirt

bearing Ric Pascetta's name is attached hereto as Exhibit B.

12. The name "Pascetta" is emblazoned on the hood of a van of West Atco Youth in Action, Inc. , without Plaintiff's authorization.

13. West Atco Youth in Action's Facebook page represents that students at West Atco Youth in Action "are trained using the AGKAI curriculum developed by our Grand Master & Martial Arts Founder Ric Pascetta." Defendants' Facebook post touts Pascetta's unique style of martial arts.

14. Ric Pacetta had no role in founding West Atco Youth in Action or a "Team Pascetta" based at West Atco Youth in Action.

15. The website of West Atco Youth in Action, Inc. falsely represents that Decedent selected the premises of West Atco Youth in Action as his dojo, the place of practice of the system of martial arts that Decedent developed. Attached hereto as Exhibit C is a print of the web page containing the false statement Decedent chose the West Atco dojo.

16. On the website of West Atco Youth in Action, Inc., Defendants state that all instructors at the facility were trained under the direct tutelage of the late Grand Master Ric Pascetta.

17. The consent order issued by the New Jersey Superior Court, Chancery Division, Probate Part in the case of *Pascetta and the Estate of Ricardo V. Pascetta v. Davis,* Docket No. 2012-0827, prohibits Davis from transferring any rights to use Pascetta's name and system to any other person.

18. Defendants continue to use the Pascetta name in commerce despite a request to cease and desist dated April 5, 2019.

STATEMENT OF CLAIMS - LANHAM ACT

19. In violation of 15 U.S.C. § 1125(a)(1)(A), Defendants' use of the Pascetta name in commerce is likely to cause confusion, mistake or deception as to Decedent's affiliation, connection or association with West Atco Youth in Action, Inc.

20. In violation of 15 U.S.C. § 1125(a)(1)(A) Defendants' use of the Pascetta name in commerce is likely to cause confusion, mistake or deception by asserting that Decedent or Plaintiff sponsors or approves the martial arts program headed by Defendant Davis.

WHEREFORE, Plaintiff asks this Honorable Court to:

a) Enjoin Defendants, and its officers, directors, agents, employees, successors, assigns and all with active concert and participation from using the name "Pascetta" on websites, social media, promotional material, attire, merchandise, motor vehicles and all other items and from engaging in other activity that connotes sponsorship or endorsement of Defendants' activities by Pascetta;

b) Order Defendants to comply with 15 U.S.C. § 1116 by filing and serving a report detailing the manner and form in which Defendants have complied with the injunction within 30 days of issuance of the injunction;

c) Order Defendant at their expense to remove or alternatively to correct publications onsocial media, websites, brochures, and other promotional materials;

d) Order Defendants to pay Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case;

e) Grant Plaintiff such other relief as this Court deems equitable and just.

COUNT II  - VIOLATION OF RIGHT OF PUBLICITY

21. Plaintiff incorporates by reference the averments of count I as if specifically stated

herein.

22. Decedent has a property right in his name and the right of publicity to use the name.

23. Plaintiff, the surviving spouse of Decedent, is the heir of Decedent's right of publicity.

24. The Chancery Division, Probate Part, of the Superior Court of New Jersey declared that Plaintiff has the right to all Decedent's intellectual property.

25. Plaintiff has not authorized Defendants to use the name "Pascetta" on publications, marketing materials, clothing, vehicles or other items visible outside of the premises of West Atco Youth in Action.

26. Defendants are unjustly enriched by their unauthorized use of the Pascetta name.

27. Defendants unjustly use the Pascetta name to generate good will for their benefit;

28. Defendants have wrongfully profited from the sale of merchandise bearing the Pascetta name.

WHEREFORE, Plaintiff prays this Honorable Court to:

a) Enjoin the Defendants from continuing to use the Pascetta name on any item outside of the premises of West Atco Youth in Action;

b) Account to Plaintiff for all sales of merchandise bearing the name "Pascetta";

c) Order Defendants to disgorge profits made from the sale of merchandise bearing the Pascetta name;

d ) Afford all other appropriate equitable and legal relief.

S/Doris J. Dabrowski, Attorney for Plaintiff
1500 Walnut St., 21st floor
Philadelphia, PA 19102
215-790-1115
dd@dabrowski-law.com